## W. C. FOREMAN ET AL. v. W. L. MERONEY ET AL.

### SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Homestead—Abandonment.*—The abandonment of the homestead is not accomplished by going away, without an intention of returning at any particular time; but by going away with the definite purpose never to return at all.

*Same.*—That the surviving wife has married again, and is living with her husband and children in a different county from that in which the homestead is situated, with no definite purpose to return at any particular time, does not amount to an abandonment of her homestead rights.

Appeal from Collin county.

W. M. Abernathy and Garnett & Muse for appellants.

K. R. Craig for appellees.

When D. C. Foreman died, he left his wife, Lucetta, and seven children. Four of these were the children of his first marriage. Three of them were quite young, and were the children of the second and surviving wife.

The oldest of the children was a son who seems not to have been a member of the family, when the homestead was set apart to them. One of the elder daughters had died before that time ; so that the family to whom the homestead was set apart consisted of the second wife, Lucetta, and her three minor children, together with two daughters of the first marriage. These two daughters afterward married and withdrew from the family. And now they join their elder brother in a suit for partition of the homestead, against their step-mother and the three minors.

They say that she has left the place, and has no definite purpose of returning to it, unless poverty or necessity should render it expedient for her to do so. This, they insist, is an abandonment of the homeatead, both for herself and her children ; and there is nothing to prevent a partition among all the interested parties. There is no dispute about the facts. The widow has married again, and is living with her husband and children in a different county. She has no definite purpose to return to the homestead at any particular time, and it may so turn out that she will not return at all.

Does this amount to an abandonment, so as to forfeit the homestead rights of the mother and children ? If so, the court below erred, and the judgment must be reversed.

The language of the constitution is as follows : (Art. 16, Sec. 52), " On the death of the husband or wife, * * * the homestead * * * shall not be partitioned among the heirs of the deceased during the life time of the survivor, or so long as the survivor may choose to use or occupy the same as a homestead."

What is the meaning of the words " use and occupy the same as a homestead ?" Are we to understand that the survivor must actually remain upon the land ? Clearly not ; for the preceding section of the constitution (See. 51, Art. 19), provides that " any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired."

Thus the surviving wife might rent the homestead from year to year for many years, and this would be only a temporary renting ; because the renting might possibly cease and the occupancy by the family be resumed at the end of any year, as the convenience or comfort of the family might suggest.

The probate court can not select or provide a homestead adopted to the wants of the surviving family. It can only set apart to them the homestead of the deceased, whether it be a suitable one for them or not. It may happen, as is the case here, that the homestead is the only property of the family, and can be made available to them only by being rented.

The mother and little children cannot cultivate the soil, nor can they control and manage the labor necessary for that purpose and it may happen that in order to rent it to the best advantage, the dwelling must be temporarily given up to tenants. Thus the family might—sometimes from necessity, sometimes from convenience,

be locally absent from the homestead for years without in any degree affecting their rights.

The law is not concerned about the precise locality of the family at any time; but it is concerned that, wherever they may be carried by convenience, or chance, or misfortune, there shall be a place to which they may return to find the shelter and security of a home.

The homestead, therefore, is not to be likened to prison bounds, within which the family must always remain; but to a sanctuary to which they may always return. And an abandonment is accomplished, not by going away, without an intention of returning at any particular time in the future; but by going away with the definite intention never to return at all.

Let us suppose the case of a surviving widow who is offered by a brother the shelter of his home for the time being. She accepts the invitation, and, together with her children, takes up her residence with him; but nothing is said, or even thought, about the duration of her stay. In fact, however, she remains at her brother's residence for a number of years simply because the invitation is extended, and her residence there is agreeable to all the parties—the homestead meanwhile being in the hands of tenants. In such a case, it is difficult to see how the homestead rights of the mother and children could be affected by their absence, however protracted.

This case differs materially from the case of Presley v. Robinson, (57 Texas, 453). There the homestead was the community property of the husband and the first wife; and her interest passed upon his death, to the children of the marriage. The second wife had no children. Here the homestead was the separate property of the husband, the second wife with her children have the same interest in the property which was possessed by the first. The plaintiffs are not claiming as the heirs of their mother, but of their father. (William v. Neil, 53 Texas, 293).

Appellants, however, insist that the purchase by the second husband of a dwelling a short distance from the farm which had comprised the homestead is to be regarded as an abandonment. We do not think so. The rural homestead may consist of more than one tract. (Const. Art. 16, sec. 51). If the first husband had bought the same place and had removed the family to it, that would not necessarily have worked an abandonment of the homestead.

The homestead in this case was set apart to the wife and the minor children. How far the rights of the children might be affected by the acts of their mother we do not think it necessary to inquire. Something is said in the brief of counsel about a supposed excess in the tract of land over two hundred acres, but that matter is not properly before us.

Our opinion is, that the judgment should be affirmed. Delany, J.